SUGG, Justice,
for the Court.
Lloyd McLendon died as a result of accidental injuries received on May 9, 1974 while in the course of employment with New Hebron Woodyard. The administrative judge, the Workmen’s Compensation Commission and the Circuit Court of Lawrence County held that the widow was entitled to death benefits.
The principal question on appeal is whether a widow must obtain an award for separate maintenance in a court of this state within three years of the couple’s separation where she has obtained a judgment in another state within three years of the separation awarding her separate maintenance or alimony.
The case was presented on a stipulation of facts which show that Pauline T. McLen-don and Lloyd McLendon were married in Marion County on July 27, 1946. They moved to New Jersey in 1950 and resided there continuously until they separated in 1958. Both parties resided in New Jersey until after Mrs. McLendon filed a suit for support for herself and her four children. Mrs. McLendon has been a resident of New Jersey since 1950 and all of their children were born in New Jersey. On January 22, 1960 she filed a complaint for support and maintenance against Lloyd McLendon and on February 9, 1960 McLendon was found guilty of desertion, neglect, and refusing to provide adequate support for his family. He was sentenced to the penitentiary for one year. The sentence was suspended for a period of five years upon condition that he be committed to the care and custody of the probation officer of Essex County, New Jersey with direction to the probation department to apportion his earnings for the support and maintenance of his family. The order provided that upon expiration of his probation, McLendon was to continue to pay support through the probation department. On April 7, 1960 a bench warrant for the arrest of McLendon was issued but was not served because he was not found in the State of New Jersey. No divorce proceedings were ever filed by Mrs. McLendon and she received irregular payments of $25 from Lloyd McLendon until about a year and a half before his death.
*734 Appellants argue that Pauline McLendon is not a widow as defined by Mississippi Workmen’s Compensation Act. Mississippi Code Annotated section 71-3-3(n) (1972) defines a widow for purposes of the act as follows:
(n) The term “widow” includes the decedent’s legal wife, living with him or dependent for support upon him at the time of his death or living apart for justifiable cause or by reason of. his desertion at such time, provided, however, such separation had not existed for more than three (3) years without an award for separate maintenance or alimony or the filing of a suit for separate maintenance or alimony in the proper court in this state. The term “widow” shall likewise include one not a legal wife but who had entered into a ceremonial marriage with the decedent at least one (1) year prior to his death and who, on the date of the decedent’s death, stood in the relationship of a wife, provided there was no living legal spouse who had protected her rights for support by affirmative action as herein-above required. The term “widow” or “widower” as contemplated in this chapter shall not apply to any person who has, since his or her separation from decedent, entered into a ceremonial marriage or lived in open adultery with another.
Mrs. McLendon received a decree for support and maintenance in 1960 in New Jersey but has not filed a suit in Mississippi for separate maintenance or alimony. Appellants contend that Mrs. McLendon should have filed another suit in Mississippi within three years of the separation, and failing in this, she is not a widow under the terms of the above statute.
Appellants argue in support of this contention that the words “in the proper court of this state” refer not only to a suit filed for separate maintenance or alimony on which a judgment has not been entered awarding the wife separate maintenance or alimony, but also to suits where a judgment has been entered awarding the wife separate maintenance or alimony. We are of the opinion that the requisites of the statute entitling a widow to benefits under the act in cases where she had been separated from the decedent for more than three years were framed in the disjunctive to cover two separate and distinct factual situations as follows:
1. Where an award for separate maintenance or alimony has been made within three years of the separation of the parties, or
2. Where no award for separate maintenance or alimony has been made, but a suit filed in the proper court of this state for separate maintenance or alimony within three years of the separation of the parties.
We see no reason to require a widow to file a second suit in Mississippi for separate maintenance or alimony when she has a judgment in a court of another state awarding her separate maintenance or alimony. The only purpose a second suit could accomplish would be to ratify the award made in the first suit. This would lead to a proliferation of suits with resultant additional expenses to all the parties.
In this case the widow had been awarded separate maintenance and collected periodic payments based on this award. In our opinion this satisfies the statute. The requirement that a suit be filed, “in the proper court in this state” has no application to a widow who has a judgment awarding her separate maintenance or alimony even though the judgment was rendered in another state.
The facts of this case afford another reason to support our conclusion that her suit in New Jersey is sufficient to qualify her for widow’s benefits because, when the suit was filed, both Mrs. McLendon and her husband were residents of New Jersey. No other state could have had jurisdiction of a suit by her for separate maintenance or alimony at that time.
Mrs. McLendon cross-appealed and contends that she is entitled to a 10% penalty on the award of compensation under Mississippi Code Annotated section 71-3— 37(5) (1972). We agree that the 10% penalty should be assessed and remand the case *735 to the Workmen’s Compensation Commission for assessment of the penalty on any installments which were not paid within fourteen days after due date.
AFFIRMED ON DIRECT APPEAL, REVERSED ON CROSS-APPEAL, AND REMANDED TO THE WORKMEN’S COMPENSATION COMMISSION.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.